IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03443-GPG

KEVIN C. SMITH,

    Applicant,

v.

REBECCA SPIESS, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER OF DISMISSAL

---

Applicant Kevin C. Smith currently is detained at the Mesa County Detention Facility in Grand Junction, Colorado. Applicant initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. Magistrate Judge Gordon P. Gallagher then directed Respondents to file a Pre-Answer Response that addresses the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). Respondents filed a Pre-Answer Response on January 12, 2015. Applicant did not reply within the time allowed.

In the Application, Applicant challenges the validity of a Colorado state-court conviction in Case No. 08CR684. Application, ECF No. 1, at 1. Applicant asserts that he pled guilty to one count of trespass of a dwelling, and he was convicted on December 22, 2008, in the Mesa County District Court, and sentenced to three years of community corrections to run current with his sentence in Case No. 08CR1455. *Id.* at 1-

2. Applicant states he is awaiting trial in Case No. 13CR1230 in the Mesa County District Court and seeks an amendment of his conviction in Case No. 08CR684 to a second degree criminal trespass so that the conviction cannot be used against him in any future proceedings resulting in habitual counts. *Id.* at 6-7. Applicant concedes he did not file a direct appeal or any other postconviction motions. *Id.* at 2-4. Respondents do not disagree with Applicant's statements, but they add that Applicant pled guilty to first degree criminal trespass and that his sentence in Case No. 08CR684 was discharged on June 16, 2011. Pre-Answer Resp., ECF No. 8, at 1-2. Applicant does not disagree that his sentenced in Case No. 08CR684 has been discharged.

The Court must construe the Application liberally because Applicant is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court does not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the Application and dismiss the action.

The Court has jurisdiction to entertain an application for habeas relief pursuant to 28 U.S.C. § 2254 only from an applicant who is "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). "The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." *Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973). Furthermore, the custody requirement is jurisdictional. *See McCormick v. Kline*, 572 F.3d 841, 848 (10th Cir. 2009). A prisoner seeking habeas corpus relief must be in custody pursuant to the conviction or sentence under attack at the time the habeas corpus application is filed. *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). Finally,

it is Applicant's burden to establish that the custody requirement is satisfied.  *See United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994) (stating that a defendant filing a motion under 28 U.S.C. § 2255 bears the burden of demonstrating jurisdiction by affirmatively alleging he is in custody); *Neiberger v. Rudek*, 450 F. App'x 719, 724 (10th Cir. 2011) (applying *Bustillo* burden requirement to § 2254 actions).

Applicant could satisfy the in-custody requirement, for purposes of a 28 U.S.C. § 2254 action,  if the Application is construed as challenging the validity of a current conviction as it has been enhanced by an invalid  prior conviction.  *See Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401-02 (2001).  Nonetheless, Applicant is not able to challenge the validity of Case No. 13CR1230 based on the enhancement of a prior invalid conviction, because no conviction or sentence has been entered in Case No. 13CR1230.  ECF No. 1 at 7.

Applicant, therefore, has failed to satisfy his burden of demonstrating that he is in custody pursuant to Case No. 08CR684, and the Court lacks jurisdiction to review the merits of Applicant's claims regarding Case No. 08CR684.  Because the action will be dismissed for lack of jurisdiction, the Court will refrain from addressing Respondents' affirmative defense arguments.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of

Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed without prejudice pursuant to 28 U.S.C. § 2254(a) for lack of jurisdiction.  It is

FURTHER ORDERED that no certificate of appealability shall issue because Applicant has not made a substantial showing that jurists of reason would find it debatable whether the procedural ruling is correct and whether the underlying claim has constitutional merit.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this   17th   day of    February       , 2015.

BY THE COURT:

  s/Lewis T. Babcock   
LEWIS T. BABCOCK, Senior Judge
United States District Court